B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Margie Geniece Franks; Benny Rex Harper and Martha Ruth Harper, Trustees of the Benny and Martha Harper Trust Number One, et al. | **DEFENDANTS** Bruce Watkins, II and Heida Farque Watkins |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Branch T. Fields of Lax, Vaughan, Fortson, Rowe & Threet, P.A., 11300 Cantrell Road, Suite 201, Little Rock, AR 72212, 501-376-6565 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of Nondischargeability under 11 U.S.C. 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Bruce Watkins, II and Heida Farque Watkins | BANKRUPTCY CASE NO.<br>4:25-bk-10241 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISION OFFICE<br>Central | NAME OF JUDGE<br>Rucker |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Branch T. Fields | |
|---|---|
| DATE<br>4/17/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Branch T. Fields |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**IN RE: BRUCE WATKINS, II** **Case No. 4:25-bk-10241**
**HEIDA FARQUE WATKINS** **(Chapter 7)**

**Debtor(s).**

**MARGIE GENIECE FRANKS; BENNY REX HARPER AND MARTHA RUTH HARPER, TRUSTEES OF THE BENNY AND MARTHA HARPER TRUST NUMBER ONE; ESTATE OF WILLIAM (DUB) HENRY HARPER; KATHLYNNE PLUEGHOFT; SUE ANN BLEDSO; STEVEN LEE BUCKLEY; LISA DICKEY; and JOHN MICHAEL BURNETT** **PLAINTIFFS**

**VS.** **AP NO. __________________**

**BRUCE WATKINS, II AND**
**HEIDA FARQUE WATKINS** **DEFENDANTS**

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)**

The Plaintiffs, by and through their attorneys Lax, Vaughan, Fortson, Rowe, & Threet, P.A., for their complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) combined with objection to discharge pursuant to 11 U.S.C. §727(a)(6)(A), states as follows:

**I.**
**Jurisdiction**

1. The Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has the power and authority to enter a final order in this proceeding.

## II.
## The Parties

2. Plaintiffs are creditors in the lead bankruptcy case.

3. Defendants, Bruce Watkins and Heida Watkins (the "**Debtors**"), are each an individual and resident of Van Buren County, Arkansas, and are the debtors in the lead bankruptcy proceeding.

## III.
## Facts

### A. <u>Background Pre-Bankruptcy</u>

4. The Plaintiffs are the owners of real property located in Van Buren County, Arkansas (the "**Harper Land**"). In February 2022, the Debtors purchased other real property in Van Buren County, Arkansas (the "**Watkins Land**") that was to a degree, adjacent to and contiguous with the Harper Land. The Harper Land was not encumbered by a deeded easement, prescriptive easement, or any legal means of ingress and egress for the benefit of the Debtors.

5. Debtors constructed a road on the Harper Land without legal authority or permission, by placing over 100,000 pounds of gravel, cut trees, and disturbing the natural state of the property. The Debtors didn't even attempt to seek permission before building the road.

6. The Plaintiffs intended for their property to remain in its natural state, but the Debtors' actions altered its physical features. The actions of the Debtors modified the Harper Land from a rural secluded deer hunting property to one that may be easily accessed.

7. Debtors unlawfully trespassed on the Harper Land, cut the Plaintiffs' chains off of Plaintiffs' gate, removed Plaintiff's locks, left Plaintiffs gate open to the public, built a road. At one point, the Debtors even locked the Plaintiffs out of their own property.

8. The Debtors showed hostility in their actions to the Plaintiffs.

9. The Debtors caused the Plaintiffs to be intimidated and caused Plaintiffs to have to check on their property and make sure their property is not being further vandalized or opened to the public.

10. The Plaintiffs attempted to stop the Debtors from trespassing on the Harper Land. The Plaintiffs asked the Debtors to cease and desist by sending them informal notice as well as formal notice; Plaintiffs placed a locked gate on the road; and Plaintiffs sought assistance from Van Buren County Sheriff's Department. The Debtors ignored the Plaintiffs' requests and did exactly what the Debtors wanted regarding access to the Harper Land.

11. The Plaintiffs had to resort to litigation by filing on July 21, 2022, a civil case against the Debtors in the Circuit Court of Van Buren County, Arkansas (the "**State Court**") as Case No. 71CV-22-116 (the "**State Court Litigation**"), seeking in the complaint a preliminary injunction, a permanent injunction, damages for trespass, and a declaratory judgment as to the Harper Land. The Debtors appeared in the State Court Litigation through counsel, and the State Court Litigation was actually litigated.

12. On November 17, 2022, the Circuit Court of Van Buren County issued a preliminary injunction against the Debtors from entering the Harper Land.

13. Shortly thereafter, and as evidence of the Debtors' malice, the Debtors then decided to take similar actions with a neighboring property owned by one Peggy Nuckles, cutting her fence, and building a new road across her property, without right.

14. Ms. Nuckles intervened in the State Court Litigation, filing her own petition seeking a preliminary injunction against the Debtors.

15. The State Court Litigation came on for trial on August 12, 2024, but was continued to September 23, 2024 due to Mr. Watkins suffering a health episode.

16. The trial was held on September 23, 2024, where the parties appeared, and tried the matter, resulting in a ruling in favor of the Plaintiffs against the Defendants.

17. On October 7, 2024, the State Court entered an Order for Permanent Injunction, Declaratory Judgment, and Damages (the "**Initial Judgment**") in the State Court Litigation, thereby making findings of fact, issuing an injunction, and awarding damages to the Plaintiffs. The Initial Judgment left open the issue of treble damages for the Plaintiffs. A copy of the Initial Judgment is attached hereto as **Exhibit A**, and incorporated herein by reference.

18. On December 24, 2024, the State Court entered a Final Order for Permanent Injunction, Declaratory Judgment, and Damages (the "**Final Judgment**") in the State Court Litigation, reiterating the findings and award in the Initial Judgment, but also awarding treble damages to the Plaintiffs pursuant to A.C.A. §18-60-102, such judgment being in the face amount of $41,382.78. A copy of the Initial Judgment is attached hereto as **Exhibit B**, and incorporated herein by reference.

19. The Final Judgment is final and non-appealable.

**IV.**

**Complaint to Determine Dischargeability of Debt Pursuant to Section 523(a)(6)**

20. 11 U.S.C. §523(a)(6) provides that a debt is not discharged if the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Debtors are not entitled to discharge the claims of the Plaintiffs pursuant to 11 U.S.C. §523(a)(6) due to the willful and malicious injury by the Debtors to the Harpers.

21. The term 'willful' requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998). To satisfy this element, it must be established that "the debtor intended the injury or that the injury was

relatively certain to result from the act." *In re Richmond*, 430 B.R. 846, 867 (Bankr. E.D. Ark. 2010).

22. Upon information and belief, the Debtors' conduct was willful by constructing a road on and damaging the Plaintiffs' property without legal authority or permission. Despite repeated informal and formal demands that they cease and desist, including after the Plaintiffs installed locks on their gates to prevent further access, the Debtors knowingly cut off the locks and continued construction. The Debtors' conduct was deliberate and undertaken with knowledge that injury to the Plaintiffs' property rights was substantially certain to occur.

23. Conduct is "malicious" when it is directed at the creditor and is certain or nearly certain to result in financial harm. *In re Madsen*, 195 F.3d 988, 989 (8th Cir. 1999). Malice may be established by showing that, with knowledge of the creditor's rights, the debtor intentionally acted in violation of those rights. *Eldridge v. Waugh*, 198 B.R. 545, 548 (E.D. Ark. 1995), aff'd sub nom. In re Waugh, 95 F.3d 706 (8th Cir. 1996).

24. Upon information and belief, the Debtors' conduct was malicious in that the Debtors acted maliciously by knowingly violating the Plaintiff's property rights. The Debtors disturbed the natural state of the Plaintiffs' property, which the Harpers intended to preserve in its natural state, and constructed a road that rendered its previously secluded hunting land easily accessible.

25. The Debtors further acted maliciously by physically excluding the Plaintiffs from their own property. After the Plaintiffs installed a lock on their gate to prevent the Debtors' unauthorized access, the Debtors knowingly cut off the Plaintiffs' lock and replaced it with their own, effectively locking the Harpers out of their property. This conduct was intentional, wrongful,

and undertaken with knowledge that it was substantially certain to cause harm to the Plaintiffs' and their property interest.

26. Additionally, the Plaintiffs were awarded treble damages in the case against the debtors for this trespass. Under Ark. Code Ann. § 18–60–102(a) treble damages require a showing of intentional wrongdoing, which may be inferred from knowing or reckless conduct. *Auger Timber Co., Inc. v. Jiles*, 56 S.W.3d 386, 389 (Ark. App. 2001).

27. The Debtors should be denied a discharge as to the claims of the Plaintiffs awarded, and to be awarded, in the State Court Litigation, including in Initial Judgment and the Final Judgment, pursuant to 11 U.S.C. §523(a)(6). Such claims of the plaintiffs should be determined to be nondischargeable and excepted from any discharge of the Debtors.

28. The Debtors' have engaged in actions in the bankruptcy case that have caused unnecessary confusion and unreasonably delay, causing the Plaintiffs to incur attorneys' fees and costs. Such actions include the filing of false schedules and statements and refusal to timely comply with orders of the Court. Such actions were intentionally vexatious and dilatory.

29. The Plaintiffs should be entitled to an additional judgment for their attorneys' fees and costs incurred in this Adversary Proceeding and in the lead bankruptcy case. Such award should be determined to be non-dischargeable under 11 U.S.C. § 523(a)(6)

**V.**

**Prayer for Relief**

WHEREFORE, for the reasons stated above, the Plaintiffs Margie Geniece Franks; Benny Rex Harper and Martha Ruth Harper, Trustees of the Benny and Martha Harper Trust Number One; Estate of William (DUB) Henry Harper; Kathlynne Plueghoft; Sue Ann Bledso; Steven Lee Buckley; Lisa Dickey; and John Michael Burnett pray that their claims against the Debtors,

including the claims awarded, and to be awarded, to Plaintiffs in the State Court Litigation, including the Initial Judgment and the Final Judgment, be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6); that the claims of the Plaintiffs be excepted from any discharge of the Debtors; that the Plaintiffs be awarded their attorneys fees and costs incurred in this Adversary Proceeding and in the lead bankruptcy case, and that the same be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

LAX, VAUGHAN, FORTSON,
ROWE & THREET, P.A.
Cantrell West Building
11300 Cantrell Road, Suite 201
Little Rock, AR 72212
Phone: (501) 376-6565
Fax: (501) 376-6666

By: /s/ Branch T. Fields
Branch T. Fields (2008143)
Attorneys for Plaintiffs

ELECTRONICALLY FILED
Van Buren County Circuit Court
Debbie Gray, Circuit Clerk
2024-Oct-07 13:22:18
71CV-22-116
C20D01 : 6 Pages

IN THE CIRCUIT COURT OF VAN BUREN COUNTY, ARKANSAS
FIRST DIVISION

MARGIE GENIECE FRANKS, BENNY REX HARPER and MARTHA RUTH HARPER, TRUSTEES OF THE BENNY AND MARTHA HARPER TRUST NUMBER ONE, ESTATE OF WILLIAM (DUB) HENRY HARPER, KATHLYNNE PLUGHOEFT, SUE ANN BLEDSOE STEVEN LEE BUCKLEY, LISA DICKEY, and JOHN MICHAEL BURNETT — PLAINTIFFS

VS. No. 71CV-2022-116

BRUCE WATKINS and HEIDA WATKINS — DEFENDANTS

PEGGY A NUCKLES — INTERVENOR

VS.

BRUCE WATKINS and HEIDA WATKINS — DEFENDANTS

ORDER FOR PERMANENT INJUNCTION, DECLARATORY JUDGEMENT AND DAMAGES

On this 23rd day of September, 2024, came on for trial the above referenced case, present were Margie Franks, Benny Rex Harper and Martha Ruth Raper, Trustees of the Benny and Martha Harper Trust Number One, by and through their attorney, Nathan S. Morgan of Morgan Law Firm, P.A., Bruce Watkins and Heida Watkins, by and through their attorney Ralph Blagg of the Blagg Law Firm, and Peggy A. Nuckles, by and through her attorney, Chad Brown, Attorney at Law, and from which the Court hereby finds:

1. The undisputed evidence before the Court was that Plaintiff and Intervenor owned real property that was not encumbered by a deeded easement, prescriptive easement, or any legal means of ingress and egress for the benefit of Defendants. They



EXHIBIT A

also presented evidence that the ATV trail in question was not a county road or a public access route subject to County Ordinance. Evidence was presented that the Defendants' predecessors in title were from out of state and that Defendants had no personal knowledge of the use of their predecessor in title regarding the ATV trail. The Defendants presented no legal basis for them to be allowed to traverse the property of Plaintiffs or Intervenor to reach the property of Defendants.

2. Defendants have constructed a road on the property of Plaintiffs and Intervenor. The road was constructed without the legal authority to do so and without permission.

3. Defendants put over 100,000 pounds of gravel on the combined properties of Plaintiff and Intervenor, cut trees, underbrush, and, in general, disturbed the natural state of the property. The testimony of both Plaintiffs and Intervenor was that they intended for their properties to stay in its previous natural state. The Defendants' actions changed the physical features of the Plaintiffs' and Intervenor's property. The actions of Defendant have modified their properties from a rural secluded deer hunting property to one that may be easily accessed.

4. The Defendants unlawfully trespassed on the property of Plaintiffs and cut Plaintiffs' chains off of Plaintiffs' gate, removed Plaintiffs' locks, left Plaintiffs' gate open to the public, built a road, and Defendants have locked Plaintiffs out of their own property. Defendants have shown hostility through their actions toward Plaintiffs. This has caused Plaintiffs to be intimidated and caused Plaintiffs to have to check on their

property and make sure their property is not being further vandalized or opened to the public.

5. Plaintiffs have attempted to lawfully stop the Defendants from trespassing on their property; they have asked the Defendants to cease and desist by sending them informal notice as well as formal notice; they have placed a locked gate on the road; and they have asked for assistance by the Van Buren County Sheriff's Department. However, the Defendants have ignored the requests and, essentially, done exactly what they wanted regarding accessing the Plaintiffs' and Intervenor's property.

6. As a matter of equity, it is required that a permanent injunction be granted barring the Defendants from accessing the Plaintiffs' and Intervenor's property. Failing to do so would reward the actions of the Defendants.

7. It is, therefore, ordered that Defendants not go on the property of Plaintiffs in perpetuity and that within 14 days of entry of this Order, the Defendants not traverse the property of Intervenor. If after entry of this Order, during the 14-day time period, the Defendants damage the Intervenor's property, they shall be held in contempt.

8. Further, this Court grants Plaintiffs' and Intervenor's cause of action for Declaratory Judgement, hereby finding as a matter of law that no legal easement, roadway, prescriptive easement or any other encumbrance is on Plaintiffs' or Intervenor's property that would give Defendants access through their respective properties.

9. The Court has acknowledged the damage to Plaintiffs and their property by Defendants, such damages include the cutting of trees, remediation costs, gate costs,

and the unauthorized use of Plaintiffs' property caused by Defendants and sets the amount of damage as the remediation costs to restore the property back to its previous state. From the evidence presented, that amount being $13,794.26.

10. The Court has acknowledged the damage to Intervenor's property caused by Defendants and sets the amount of damage as the remediation costs to restore the property back to its previous state. From the evidence, that amount being $6,826.00 for remediation costs and $500 for replacement of the fence removed by Defendants from Intervenor's property.

11. The Plaintiffs and Intervenor have requested that their damage amount be trebled pursuant to A.C.A. §18-60-102.

12. This Court is very persuaded to the argument that the damages should be trebled, especially in light of the conduct of Defendants.

13. However, this Court is holding its ruling regarding treble damages in abatement to allow for post-trial briefing.

14. If the Defendants disagree that the damages should be trebled, they shall file a motion and brief with this Court within 14 days from the entry of this Order. Plaintiffs and Intervenor shall have the same amount of time to respond.

15. Upon the completion of filings, the Court will make a final ruling regarding whether the above referenced damages shall be trebled.

16. This Order shall stay in effect until a final order is entered on the determination of whether the damages shall be trebled.

IT IS SO ORDERED.

__signature page to follow________
CIRCUIT JUDGE

APPROVED AS TO FORM:
*/S/ Nathan S. Morgan*
Attorney for Plaintiffs

*/s/ Chad Brown*
Attorney for Intervenor

*/s/ Ralph Blagg*
Attorney for Defendants

**Case Title:** MARGIE FRANKS ET AL V BRUCE WATKINS ET AL

**Case Number:** 71CV-22-116

**Type:** ORDER OTHER

So Ordered

JUDGE SUSAN K. WEAVER

ELECTRONICALLY FILED
Van Buren County Circuit Court
Debbie Gray, Circuit Clerk
2024-Dec-04 11:48:04
71CV-22-116
C20D01 : 7 Pages

IN THE CIRCUIT COURT OF VAN BUREN COUNTY, ARKANSAS
FIRST DIVISION

MARGIE GENIECE FRANKS, BENNY REX HARPER and MARTHA RUTH HARPER, TRUSTEES OF THE BENNY AND MARTHA HARPER TRUST NUMBER ONE, ESTATE OF WILLIAM (DUB) HENRY HARPER, KATHLYNNE PLUGHOEFT, SUE ANN BLEDSOE STEVEN LEE BUCKLEY, LISA DICKEY, and JOHN MICHAEL BURNETT — PLAINTIFFS

VS. — No. 71CV-2022-116

BRUCE WATKINS and HEIDA WATKINS — DEFENDANTS

PEGGY A NUCKLES — INTERVENOR

VS.

BRUCE WATKINS and HEIDA WATKINS — DEFENDANTS

FINAL ORDER FOR PERMANENT INJUNCTION, DECLARATORY JUDGEMENT AND DAMAGES

On this 23rd day of September, 2024, came on for trial the above referenced case, present were Margie Franks, Benny Rex Harper and Martha Ruth Raper, Trustees of the Benny and Martha Harper Trust Number One, by and through their attorney, Nathan S. Morgan of Morgan Law Firm, P.A., Bruce Watkins and Heida Watkins, by and through their attorney Ralph Blagg of the Blagg Law Firm, and Peggy A. Nuckles, by and through her attorney, Chad Brown, Attorney at Law, and from which the Court hereby finds:

1. The undisputed evidence before the Court was that Plaintiff and Intervenor owned real property that was not encumbered by a deeded easement, prescriptive easement, or any legal means of ingress and egress for the benefit of Defendants. They



EXHIBIT B

also presented evidence that the ATV trail in question was not a county road or a public access route subject to County Ordinance. Evidence was presented that the Defendants' predecessors in title were from out of state and that Defendants had no personal knowledge of the use of their predecessor in title regarding the ATV trail. The Defendants presented no legal basis for them to be allowed to traverse the property of Plaintiffs or Intervenor to reach the property of Defendants.

2. Defendants have constructed a road on the property of Plaintiffs and Intervenor. The road was constructed without the legal authority to do so and without permission.

3. Defendants put over 100,000 pounds of gravel on the combined properties of Plaintiff and Intervenor, cut trees, underbrush, and, in general, disturbed the natural state of the property. The testimony of both Plaintiffs and Intervenor was that they intended for their properties to stay in its previous natural state. The Defendants' actions changed the physical features of the Plaintiffs' and Intervenor's property. The actions of Defendant have modified their properties from a rural secluded deer hunting property to one that may be easily accessed.

4. The Defendants unlawfully trespassed on the property of Plaintiffs and cut Plaintiffs' chains off of Plaintiffs' gate, removed Plaintiffs' locks, left Plaintiffs' gate open to the public, built a road, and Defendants have locked Plaintiffs out of their own property. Defendants have shown hostility through their actions toward Plaintiffs. This has caused Plaintiffs to be intimidated and caused Plaintiffs to have to check on their

property and make sure their property is not being further vandalized or opened to the public.

5. Plaintiffs have attempted to lawfully stop the Defendants from trespassing on their property; they have asked the Defendants to cease and desist by sending them informal notice as well as formal notice; they have placed a locked gate on the road; and they have asked for assistance by the Van Buren County Sheriff's Department. However, the Defendants have ignored the requests and, essentially, done exactly what they wanted regarding accessing the Plaintiffs' and Intervenor's property.

6. As a matter of equity, it is required that a permanent injunction be granted barring the Defendants from accessing the Plaintiffs' and Intervenor's property. Failing to do so would reward the actions of the Defendants.

7. It is, therefore, ordered that Defendants not go on the property of Plaintiffs and Intervenor in perpetuity. That Defendants are enjoined from accessing, traversing, or any anyway entering the property of Plaintiff and Intervenor.

8. Further, this Court grants Plaintiffs' and Intervenor's cause of action for Declaratory Judgement, hereby finding as a matter of law that no legal easement, roadway, prescriptive easement or any other encumbrance is on Plaintiffs' or Intervenor's property that would give Defendants access through their respective properties.

9. Plaintiff and Intervenor both put on an expert witness who the Court found to be credible, that such expert advised the Court on the damages to the trees,

underbrush, surface of the property, and advised the cost to remediate the property back to its previous condition prior to the unlawful trespass.

10. The Court acknowledges the damage to Plaintiffs and their property by Defendants, such damages include the cutting of trees, underbrush, remediation costs, gate costs, aesthetic change, and the unauthorized use of Plaintiffs' property caused by Defendants and sets the amount of damage as the remediation costs to restore the property back to its previous state. From the evidence presented, that amount being $13,794.26.

11. The Court acknowledges the damage to Intervenor's property caused by Defendants and sets the amount of damage as the remediation costs to restore the property back to its previous state. From the evidence, that amount being $6,826.00 for remediation costs and $500 for replacement of the fence removed by Defendants from Intervenor's property.

12. The Plaintiffs and Intervenor have requested that their damage amount be trebled pursuant to A.C.A. §18-60-102.

13. The Court by previous Order advised the Defendants that due to the nature of the damages, trees, and property that the Court was inclined to treble the damages awarded to Plaintiff and Intervenor pursuant to A.C.A. §18-60-102. The Court has held this final ruling in abatement and advised Plaintiff that they had 14 days from the previous Court Order in which to file a brief citing substantive Arkansas law as to why

the damages should not be trebled. Defendants have not submitted any brief on the issue and the Court is left with its previous conviction.

14. The Court hereby finds judgement against Defendant on behalf of Plaintiff in the amount of $41,382.78, such sum representing the actual damage suffered by Plaintiffs and then trebled according to A.C.A. §18-60-102.

15. The Court hereby finds judgement against Defendant on behalf of Intervenor in the amount of $20,478.00, such sum representing the actual damage suffered by Intervenor and then trebled according to A.C.A. §18-60-102.

16. Pursuant to A.C.A. §16-66-221, that Defendants are hereby ordered to prepare a verified schedule of assets, property, both real and personal, including monies, bank accounts, rights, credits, and choses in action held by them or other for them and specify the particular property which they claim is exempt under the provision of the law.

17. This schedule shall be filed with the clerk of this Court within forty-five (45) days from the date of this judgment.

IT IS SO ORDERED.

__signature page to follow ________
CIRCUIT JUDGE

APPROVED AS TO FORM:
*/S/ Nathan S. Morgan*
Attorney for Plaintiffs

*<u>/s/ Chad Brown</u>*
Attorney for Intervenor

**Case Title:** MARGIE FRANKS ET AL V BRUCE WATKINS ET AL

**Case Number:** 71CV-22-116

**Type:** ORDER OTHER

So Ordered

JUDGE SUSAN K. WEAVER